UNITED STATES DISTRICT COURT
EASTERN DISTROCT OF LOUISIANA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC. | CIVIL ACTION |
| v. | NO. 14-987 |
| MATTECH, LLC d/b/a JAZZ DAIQUIRI LOUNGE, ET AL | SECTION "C" |

**ORDER AND REASONS**

Before the Court is a Motion for Summary Judgment by defendants Mattech, LLC d/b/a Jazz Daiquiri Lounge ("Mattech") and Jeffrey Thomas ("Thomas") and a Cross-Motion for Summary Judgment by plaintiff, J&J Sports Productions, Inc. Rec. Docs. 25, 28. Both motions are opposed. Rec. Docs. 27, 30. Having considered the record, the applicable law, and the memoranda of counsel, the Court GRANTS IN PART and DENIES IN PART defendants' motion and GRANTS plaintiff's motion, for the reasons discussed herein.

I.  **Factual Background**

Defendant, Mattech, d/b/a Jazz Daiquiri Lounge, is a New Orleans LLC that owns and operates a lounge at 3400 South Claiborne Avenue, New Orleans, LA 70125 that is licensed to serve alcoholic beverages. Rec. Doc. 1. Defendant Jeffrey Thomas is the sole registered member

1

and manager of Mattech. Rec. Doc. 28-8. On May 5, 2012, defendants aired the broadcast of "Floyd Mayweather, Jr. v. Miguel Cotto, WBA World Light Middleweight Championship Fight Program" ("the program"). Rec. Doc. 10 at 4. Defendants purchased the program through a DirecTV account that it claims was associated with the lounge at 3400 South Claiborne Avenue and created by defendant, John Matthews. *Id.* at 4; Rec. Doc. 28-12. However, plaintiff, a distributor of sports and entertainment programming, owned the exclusive license to exhibit the program at "commercial closed-circuit television exhibition outlets, such as theaters, bars, clubs, lounges, restaurants and the like. . ." Rec. Doc. 27-2 at 2. Defendants claim that they were unaware that they were required to acquire a sub-license from plaintiff, and that they believed that their purchase through DirecTV entitled them to legally air the program. Rec. Doc. 25 at 10-11.

On the night of May 5, 2012, roughly fifteen to twenty-five people patronized the lounge. Rec. Doc. 28-7. According to an investigator hired by plaintiff who was present during the broadcast, the program was shown on a television in the corner of the lounge, but audio commentary could not be heard as loud rap music was playing at the same time. *Id*. Defendants assert that they did not charge a cover for patrons to watch the program, did not increase food or beverage pricing, and did not advertise that they would air the program. Rec. Doc. 25 at 11. Defendants also maintain that the number of patrons on that night was typical for a Saturday night. *Id*.

On April 30, 2014, plaintiff brought this action against defendants, claiming that defendants violated 47 U.S.C. §605 and 47 U.S.C. §553 by airing the program without obtaining the requisite sub-license. Rec. Doc. 1 at 2.

## II.     Standard of Review

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of '[discovery], together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Once the initial burden is met, the nonmoving party must "designate specific facts showing there is a genuine issue for trial" using evidence cognizable under Rule 56. *Id.* at 324, 106 S. Ct. at 2253. When reviewing a motion for summary judgment, a court must view the evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001). Summary judgment does not allow a court to resolve credibility issues or weigh evidence. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

## III.    Discussion

### a.  *Defendants' Motion for Summary Judgment*

#### 1.  *Applicability of §605 and §553*

Defendants argue that as an initial matter, the Court must dismiss either plaintiff's claim under 47 U.S.C. §605 or its claim under 47 U.S.C. §553 because the claims are mutually exclusive. Defendants cite to *J & J Sports Prods. v. Coyne*, 857 F.Supp.2d 909, 914 (N.D. Cal. 2012) as authority that an action may be brought under only one of these two sections. Rec. Doc. 25 at 5. However, this case actually remarks that there is a lack of consensus among district courts as to whether a single act may trigger liability under both provisions. *Id*. Nonetheless, even when a defendant is found liable under both provisions, courts have held that recovery is

not cumulative. *See, e.g.*, *Joe Hand Promotions, Inc. v. Lee*, CIV.A. H-11-2904, 2012 WL 1909348, at *3 (S.D. Tex. May 24, 2012).

The Court finds that the claim under §553 must be dismissed as that section does not regulate transmissions via satellite. §605 covers transmissions "by wire or radio" and provides that:

> no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception. . . to any person other than the addressee, his agent, or attorney.

In contrast, 47 U.S.C. §553 covers service "offered over a cable system" and mandates:

> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

Neither party disputes that the defendants received the program via satellite transmission. Rec. Doc. 28-12; Rec. Doc. 28-13. Circuit courts considering this issue have held that §605 applies to the "reception or interception of satellite cable programming." *Cablevision of Michigan, Inc. v. Sports Palace, Inc.*, 27 F.3d 566 (6th Cir. 1994). After reviewing the legislative history, the Sixth Circuit stated that "Section 605(a) may be read as outlawing satellite signal piracy, while Section 553 bans only the theft of programming directly from a cable system." *Id*. While the Fifth Circuit has not spoken directly on the coverage of §553, it has held that "§605 does not encompass. . . the receipt or interception of communications by wire from a cable system." *J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346, 351 (5th Cir. 2014). Accordingly, the Court dismisses with prejudice plaintiff's claim brought under §553, finding that §605 is the appropriate provision for its action against defendants.

b. *Plaintiff's Cross Motion*

Plaintiff also moves for summary judgment, arguing that there are no issues of fact in dispute as to whether defendants aired the program in violation of 47 U.S.C. §605. Rec. Doc. 28. The Court agrees. As discussed above, the parties are in agreement that defendants aired the program on May 5, 2012, and defendants have not offered evidence to dispute that plaintiff held an exclusive license to exhibit the program at venues like the lounge owned and operated by defendants. Thus, the Court finds that the defendants violated §605 of the Cable Communications Policy Act.[1]

It remains for the Court to determine the appropriate amount of damages to award plaintiff. Plaintiff asserts that it is entitled to (1) statutory damages (2) enhanced damages (3) attorney's fees, and (4) all costs of these proceedings. Rec. Doc. 28-1 at 2. According to plaintiff, enhanced damages are appropriate because the Court may reasonably conclude that "defendants intended to obtain the Program through subterfuge." *Id*. Defendants contend that the award should be minimal because they did not charge cover, did not increase food and beverage pricing, did not advertise the program, and did not experience an increase in patronage due to its showing of the program. Rec. Doc. 30 at 3.

§605 provides that the party aggrieved may recover actual damages suffered as a result of the violation, any profits of the violator that are attributable to the violation, and a statutory award of not less than $1000 and not more than $10,000. The Court shall also direct the recovery of full costs, including awarding reasonable attorneys' fees, to an aggrieved party who prevails.

---

[1] Plaintiff argues that Thomas is not shielded from liability because of his role as a member of Mattech and that Mattech is liable for Thomas' actions by virtue of respondeat superior. Rec. Doc. 28-2 at 6-7. The defendants have not argued that they are shielded from liability, only that they did not commit the alleged violation. Thus, the Court declines to address plaintiff's arguments.

Finally, the Court may in its discretion award up to $100,000 if it finds that the violation was committed willfully. 47 U.S.C. §605(e)(C)(i).

The Court finds that plaintiff is entitled to an award of $3,200—the total of the sublicense fee of $2,200.00 for commercial establishments with a maximum capacity of forty persons and statutory damages of $1,000. Rec. Doc. 28-4 at 3. Plaintiffs are required under the statute to prove the violators' gross revenue in order to recover the violators' profits, but no such showing has been made. Thus, the Court finds that such profits are not recoverable. In addition, the Court finds that the violation was not willful. Defendants have shown that they did not advertise their airing of the program and did not attempt to charge higher prices or a cover fee in order to extract greater profit on the night of the program's airing. Rec. Doc. 25 at 15-17. Defendants have also averred that they purchased the program from DirecTV in good faith and are not repeat offenders. *Id*. *See also* Rec. Doc. 27-12. District courts presented with similar circumstances where a business failed to purchase broadcasting rights from the correct licensing entity have either found good faith or have opted to award damages in an amount well below the maximum allowable. *See, e.g.*, *Joe Hand Promotions, Inc.*, 2012 WL at *3; *J&J Sports Prods., Inc. v. Romenski*, 845 F.Supp.2d 703, 707-08 (W.D.N.C. 2012). Finally, the Court finds that plaintiff is entitled to be reimbursed for the costs of bringing the instant suit, including reasonable attorneys' fees. Plaintiff is directed to submit to the Court briefing and documentation of its costs and attorneys' fees so that the Court may make a determination of the amount due for reimbursement.

Accordingly, IT IS ORDERED that:

- Defendants' Motion for Summary Judgment is granted in part and denied in part. The claim against defendants brought under 47 U.S.C. §553 is DISMISSED WITH PREJUDICE. (Rec. Doc. 25)

- Plaintiff's Motion for Summary Judgment is GRANTED. (Rec. Doc. 28)

- Within fourteen (14) days of this order, plaintiff shall submit to the Court briefing and documentation of costs and attorneys' fees expended in this litigation.

New Orleans, Louisiana, this 22nd day of June, 2015.

                                                                             _____
                                                                             UNITED STATES DISTRICT JUDGE