UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

J&J SPORTS PRODUCTIONS, INC.                          CIVIL ACTION

VERSUS                                                              NO. 14-987

MATTECH, L.L.C., ET AL.                                   SECTION "C" (3)

REPORT AND RECOMMENDATION

Before the Court is the Motion for Attorney's Fees and Court Costs. [Doc. #34]. The motion is unopposed. For the following reasons, the Court recommends granting the motion.

I.      Background

Defendant Mattech, L.L.C. d/b/a Jazz Daiquiri Lounge is a New Orleans L.L.C. that owns and operates a lounge at 3400 South Claiborne Avenue, New Orleans, LA 70125 that is licensed to serve alcoholic beverages. Defendant Jeffrey Thomas is the sole registered member and manager of Mattech. On May 5, 2012, defendants aired the broadcast of "Floyd Mayweather, Jr. v. Miguel Cotto, WBA World Light Middleweight Championship Fight Program" ("the program"). Defendants purchased the program through a DirecTV account that it claims was associated with the lounge at 3400 South Claiborne Avenue and created by defendant John Matthews. However, plaintiff, a distributor of sports and entertainment programming, owned the exclusive license to exhibit the program at "commercial closed-circuit television exhibition outlets, such as theaters, bars, clubs, lounges, restaurants and the like. . ." Defendants claim that they were unaware that they were required to acquire a sub-license from plaintiff, and that they believed that their purchase

through DirecTV entitled them to legally air the program.

On the night of May 5, 2012, roughly 15 to 25 people patronized the lounge. According to an investigator hired by plaintiff who was present during the broadcast, the program was shown on a television in the corner of the lounge, but audio commentary could not be heard as loud rap music was playing at the same time. Defendants assert that they did not charge a cover for patrons to watch the program, did not increase food or beverage pricing, and did not advertise that they would air the program. Defendants also maintain that the number of patrons on that night was typical for a Saturday night.

On April 30, 2014, plaintiff sued defendants, claiming that defendants violated 47 U.S.C. § 605 and 47 U.S.C. § 553 by airing the program without obtaining the requisite sub-license. The District Court granted in part and denied in part defendants' motion for summary judgment, dismissing plaintiff's claim under 47 U.S.C. § 553. [Doc. #32]. The District Court also granted plaintiff's motion for summary judgment, rendering judgment in plaintiff's favor. [*See id.*]. The District Court also found that "plaintiff is entitled to be reimbursed for the costs of bringing the instant suit, including reasonable attorneys' fees. Plaintiff is directed to submit to the Court briefing and documentation of its costs and attorneys' fees so that the Court may make a determination of the amount due for reimbursement." [*Id.* at p. 6].

Plaintiff filed the instant motion on July 1, 2015. Nine days later, the District Court referred the motion to the undersigned under 28 U.S.C. § 636(c). [Doc. #35].

## II.    Analysis

### A.    THE LODESTAR APPROACH

2

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir.1990).  A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000);  *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379.  The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th

3

Cir.1996);  *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

   1.  **Reasonable Hourly Rates**

   Attached to plaintiff's motion is the affidavit of Ronnie J. Berthelot.  In the affidavit, Berthelot attests that he has practiced law in the State of Louisiana for 33 years.  [Doc. #34-2 at p.1]. He is AV-rated by Martindale-Hubbel and finished in the top third of his law school class at Louisiana State University.  [*See id.* at p. 2].  He has been the first chair at 23 civil jury trials and approximately 111 bench trials.  [*See id.*].  Berthelot asks for an hourly rate of $300.00/hour.

   Having reviewed the most recent case law in this district, the Court finds that the hourly rate sought by Berthelot is reasonable.   The majority of the courts in this district sanction similar rates for an attorney with Berthelot's experince.  *See, e.g., Barrack v. Pailet, Meunier & LeBlanc, L.L.P.*, Civ. A. No. 12-2716, 2013 WL 6198861 (E.D. La. Nov. 27, 2013 (approving $250/hour for attorney with 24 years experience); *Cole v. Orleans Parish Sheriff's Office*, Civ. A. No. 11-2211, 2013 WL 5557416 (E.D. La. Oct. 8, 2013) (reducing hourly rates from $300/hour to $275/hour for attorney with 34 years experience and from $300/hour to $250/hour for attorney with 29 years experience); *Foley v. SAFG Retirement Servs., Inc.*, Civ. A. No. 10-2827, 2012 WL 956499 (E.D. La. Mar. 20, 2012) (reducing hourly rates from $450/hour to $350/hour for attorney with 30 years experience and from $300/hour to $275/hour for attorney with eight years experience); *Constr. Courht, Inc. v. Jenkins*, Civ. A. No. 11-1201, 2001 WL 3882271 (E.D. La. July 29, 2011) (approving $350/hour for partners with 30 and 36 years experience); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696 (E.D. La. 2009) (awarding $300/hour for partners, $225/hour for associates, and $75/hour for paralegals);  *Creecy v. Metro. Prop. & Cas. Ins., Co.*, 548 F. Supp. 2d 279, 285 (E.D. La. 2008)

(Roby, M.J.) (sanctioning $175/hour for associate with five years experience); *Orrill v. Mortgage Elec. Registration Sys., Inc.*, Civ. A. No. 06-10012, 2009 WL 4861994, at *3 (E.D. La. Nov. 7, 2008) (Roby, M.J.) (sanctioning $150/hour for associate with four years experience). Given this precedent, the Court finds that the hourly rate of $300.00/hour is reasonable.

### 2.    Reasonable Hours Expended

The Court must next determine whether the number of hours that plaintiff's counsel expended on the litigation was reasonable. Berthelot argues that he has expended 21.2 attorney hours in this lawsuit. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). As a general proposition, all time that is excessive, duplicative and/or unproductive should be excised from any award of attorney's fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The fee seeker's attorneys "are charged with proving that they exercised billing judgment." *Id.* at 770. When billing judgment is lacking, the court *must* exclude from the lodestar calculation the hours that were not reasonably expended.

This Court has reviewed line by line the billing statement submitted on behalf of plaintiff's counsel and finds the hours expended by counsel to be reasonable. The Court finds that plaintiff's counsel has exercised "billing judgment." Berthelot struck the hours for clerical work, such as filing on the Court's electronic filing system. Berthelot prepared the complaint and summonses, the initial disclosures, and participated in the discovery process. He also drafted the witness and exhibit lists

5

and the motion for summary judgment.  The Court finds these 21.2 hours to be reasonable here.

**3.     Costs**

Counsel also seek $400.00 in costs for the filing of the complaint.  Costs other than attorneys'

fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs.

Fed. R. Civ. P. 54(d).  Section 1920 provides that a prevailing party may recover the following costs:

(1)     Fees of the clerk and marshal;
(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)     Fees and disbursements for printing and witnesses;
(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)     Docket fees under section 1923 of this title;
(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6). A court may award only those costs specified in Section 1920 unless there

is explicit statutory or contractual authority to the contrary.  *Mota v. Univ. of Texas Houston Health*

*Science Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001).   Allowable costs are limited to these categories,

and expenses that are not authorized by statute must be borne by the party incurring them.  *Crawford*

*Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Clearly, the fee to file the complaint is a fee of the clerk, and plaintiff is entitled to it.

Accordingly, the Court will recommend an award of $400.00 in costs.

**III.     Conclusion**

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion for Attorney's Fees and Court Costs [Doc. #34]

be GRANTED to the extent that the Court recommends that plaintiff be entitled to an award of attorneys' fees in the amount of $6,360.00 and costs in the amount of $400.00, for a total amount of $6,760.00.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 28th day of August, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**